UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
------------------------------------------------------------------------X

SHABTAI SCOTT SHATSKY, *et al.*,

                Plaintiffs,

          *-against-*

PALESTINE LIBERATION ORGANIZATION, *et al.*,

                Defendants.

------------------------------------------------------------------------X

Civil Action No: 18-cv-3141-RJL

## PLAINTIFFS' MOTION TO STAY

Plaintiffs respectfully move, for the reasons set forth in the attached Memorandum, to stay all proceedings in this case pending conclusion of the appeal in *Shatsky, et al., v. Palestine Liberation Organization, et al.*, No. 17-7168 (D.C. Circuit).

Pursuant to Local Civil Rule 7(m), plaintiffs' undersigned counsel states that this action was filed only on December 30, 2018, and service of process on defendants has not yet been effectuated, and thus defendants have not yet appeared.

**WHEREFORE** the instant motion should be granted.

                Respectfully submitted,

              THE BERKMAN LAW OFFICE, LLC
              *Counsel for the Plaintiffs*

              by: _____

              Robert J. Tolchin
              (D.C. Bar # NY0088)
              111 Livingston Street, Suite 1928
              Brooklyn, New York 11201
              (718) 855-3627
              rtolchin@berkmanlaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
------------------------------------------------------------------------X

SHABTAI SCOTT SHATSKY, *et al.*,

                Plaintiffs,   Civil Action No: 18-cv-3141-RJL

          *-against-*

PALESTINE LIBERATION ORGANIZATION, *et al.*,

                Defendants.

------------------------------------------------------------------------X

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFFS' MOTION TO STAY**

Plaintiffs submit this memorandum in support of their motion to stay all proceedings in this case pending conclusion of the appeal in *Shatsky, et al., v. Palestine Liberation Organization, et al.*, No. 17-7168 (D.C. Circuit). In support of their motion plaintiffs respectfully state as follows:

**RELEVANT BACKGROUND**

This is an action under the Antiterrorism Act, 18 U.S.C. § 2333, and related torts, arising from the February 16, 2002, suicide bombing in the Israeli town of Karnei Shomron, which was the subject of the action before this Court in *Shatsky v PLO, et al.*, 02-cv-2280-RJL.

As the Court will recall, late in the course of proceedings in the original *Shatsky* matter, defendants Palestine Liberation Organization ("PLO") and Palestinian Authority ("PA") made several motions to dismiss the action for lack of personal jurisdiction. This Court correctly denied those motions, finding that defendants had waived any personal jurisdiction defense, but ultimately dismissed the *Shatsky* action on summary judgment.

The *Shatsky* plaintiffs' appeal of that dismissal is currently pending before the D.C. Circuit. *Shatsky, et al., v. Palestine Liberation Organization, et al.*, No. 17-7168. Defendants

PLO and PA have indicated that they will continue to press their personal jurisdiction argument on appeal; *i.e.*, they will seek (in the first instance) to have the D.C. Circuit reverse this Court's jurisdictional rulings, and to have the dismissal of the *Shatsky* action affirmed for lack of personal jurisdiction.

In the unlikely event that the Court of Appeals reverses this Court's personal jurisdiction rulings and dismisses the original *Shatsky* case for lack of jurisdiction, the summary judgment dismissal would not have preclusive effect. *See e.g. Computer Assocs. Int'l v. Altai*, 126 F.3d 365, 370 (2d Cir. 1997) (decision entered by court lacking personal jurisdiction lacks preclusive effect) (citing Restatement (Second) of Judgments § 26(1)(c) cmt. c). Thus, in the unlikely case that defendants persuade the Court of Appeals to dismiss the original *Shatsky* action on personal jurisdiction grounds, the *Shatsky* plaintiffs would have the right to relitigate their claims against the PLO and PA—provided that they can obtain personal jurisdiction over them.

Congress recently enacted the Anti-Terrorism Clarification Act of 2018. Pub. L. 115-253 (Oct. 3, 2018) (ATCA). The ATCA deems the acceptance of U.S. foreign assistance or continued maintenance of an office in the United States by the PLO and PA after January 31, 2019 to be consent to jurisdiction under the ATA, regardless of the date of the underlying terror attack. Thus, the ATCA provides the *Shatsky* plaintiffs with a means of obtaining personal jurisdiction over the PLO and PA, in the event that the Court of Appeals declines to affirm this Court's finding that the PLO and PA waived any defense of personal jurisdiction.

As a jurisdictional statute, the ATCA applies to pending cases.[1] Thus, because the original *Shatsky* case is pending in the Court of Appeals, the ATCA provides a basis for exercise

---

[1] "[I]ntervening statutes conferring…jurisdiction"—such as the ATCA—apply "whether or not jurisdiction lay when the underlying conduct occurred or when the suit was filed."

2

of personal jurisdiction in the original action. Therefore, even if the Court of Appeals does not affirm this Court's finding that defendants waived any personal jurisdiction defense, it nonetheless can and should find personal jurisdiction in the original *Shatsky* case under the ATCA.

Defendants, however, do not agree with this construction of the ATCA. Defendants have argued, in filings before the D.C. Circuit in *Klieman v. Palestinian Authority*, No. 15-7034 (another ATA action against the PA and PLO), that the ATCA applies only to new actions filed after its enactment in 2018.[2] Defendants will presumably make the identical (unfounded) claim in the *Shatsky* appeal—*i.e.*, that the ATCA cannot provide personal jurisdiction in the original *Shatsky* case, because it applies only to actions filed after its enactment.

In the extremely unlikely case that the D.C. Circuit agrees with defendants *both* that this Court's personal jurisdiction waiver ruling was in error *and* that the ATCA applies only to cases filed after its enactment, the *Shatsky* plaintiffs' only recourse would be to prosecute a new ATA action against the defendants, basing jurisdiction on the ATCA.

---

*Hamdan v. Rumsfeld*, 548 U.S. 557, 576 (2006); *cf. U.S. v. Certain Funds Located at Hong Kong & Shanghai Banking Corp.*, 96 F.3d 20, 24 (2d Cir. 1996) (applying statute creating extraterritorial civil jurisdiction to pre-enactment case).  Likewise, "a party's consent to a court's jurisdiction may take place...after suit has started. And having objected to the absence of in personam jurisdiction, a defendant may rescind the objection, i.e., consent to the forum court's jurisdiction, at any stage of the proceedings." *Gen. Contracting & Trading Co. v. Interpole, Inc.*, 940 F.2d 20, 22 (1st Cir. 1991).

[2] *See* Defendants-Appellees' Response in Opposition to Plaintiffs' Motion for Leave to File a Supplemental Brief, filed 11/19/2018, in *Klieman*, No. 15-7034, at 7-12.

Case 1:18-cv-03141-RJL   Document 4   Filed 01/08/19   Page 5 of 9

The statute of limitations for ATA actions arising from terror attacks which occurred after September 11, 2001, expired on January 2, 2019.[3] Thus, if the plaintiffs had awaited the outcome of the D.C. Circuit's disposition of defendants' personal jurisdiction arguments before filing a new action against the defendants, the January 2, 2019 limitations date would have long passed. In such circumstances—*i.e.,* where, as here, a plaintiff faces jurisdictional challenges in one suit and the expiration of a statute of limitations which would (absent tolling) bar a new suit—the proper course is to file a "protective suit." *See e.g. Cote v. Wadel,* 796 F.2d 981, 985 (7th Cir. 1986) ("Elementary prudence" requires a party "to file a protective suit" prior to the expiration of the statute of limitations, when personal jurisdiction is challenged in the first action); *Wager v. Frehner Const. Co.*, 2011 WL 971963, at *2 (D.S.D. Mar. 16, 2011) ("Frehner...filed a motion to dismiss for lack of jurisdiction...Plaintiff instituted a protective suit in the District of Nevada...against Frehner...to comply with the statute of limitations in that jurisdiction.").

Accordingly, the original *Shatsky* plaintiffs[4] have filed this action as a "protective suit," prior to the expiry of the statute of limitations, to guard against the distant prospect that the D.C.

---

[3] *See* National Defense Authorization Act for Fiscal Year 2013, Pub. L. No. 112-239, § 1251(c) (Jan. 2, 2013) (set out as a note to 18 U.S.C. § 2333 (Special Rule Relating to Certain Acts of International Terrorism)) (extending until January 2, 2019, the statute of limitations on ATA claims arising from terrorist attacks that occurred after September 11, 2001).

[4] As discussed below, three additional family-member plaintiffs who were not part of the original *Shatsky* action have also joined this action. For the reasons set forth below, their claims in this case should also be stayed pending the outcome of the appeal in the original *Shatsky* action.

Circuit rules in favor of the defendants on all personal jurisdiction questions (including the non-retroactivity of the ATCA), and dismisses the original action for lack of personal jurisdiction.[5]

## DISCUSSION

This case should be stayed pending the outcome of the appeal in the original *Shatsky* action. Unless the Court of Appeals dismisses the original action for lack of personal jurisdiction, which as explained above respectfully appears to be a farfetched scenario, this protective suit will be moot in respect to the original plaintiffs. It would clearly be a waste of judicial and party resources to litigate claims which are highly likely to be obviated.

Three additional U.S. citizens, Efrat Trattner, Hadassa Diner and Yael Hillman, who were not part of the original *Shatsky* action, have brought claims in this new case. These plaintiffs are the sisters of plaintiff Hillel Trattner, who was severely maimed, and partially blinded, in the bombing. Though they are not parties to the appeal in the original case, their claims in this action should also be stayed pending the disposition of the appeal, for several reasons.

---

[5] The ATA's venue provision, 18 U.S.C. § 2334, places venue in ATA actions in any federal district "where any defendant resides or is served, or has an agent." Until recently, the defendants had an office and a staff in the District of Columbia, and did not challenge venue in this court. However, that office was closed by the State Department in October 2018. Plaintiffs believe that venue in this court remains proper under § 2334, because defendants still have registered agents in this district. However, to guard against the risk of an improper venue challenge in this action, the plaintiffs have filed a parallel protective action in the SDNY, where the defendants have their own office and staff. *Shatsky, et al. v. PLO, et al.*, 18-cv-12355 (SDNY). The plaintiffs will request to stay their protective action in the SDNY pending the outcome of the appeal in the original *Shatsky* action, and the resolution of any challenge to venue in this action (if one is made).

Notably, the *Klieman* plaintiffs have also filed new "protective suits" both in this court and in the Southern District of New York. *See Klieman v. Palestinian Authority*, 1:18-cv-03013-PLF (D.D.C.); *Kesner, et al. v. Palestinian Authority, et al.*, 1:18-cv-12238 (SDNY).

*First*, if the original action is dismissed for lack of personal jurisdiction, it would be most efficacious and cost-effective, for the Court and for the parties, for this entire suit to proceed as a whole, rather than piecemeal.

*Second*, the appeal raises a number of merits issues which are highly relevant to the claims of these new plaintiffs, including questions such as proximate cause under ATA § 2333(a), the scope and application of secondary liability under ATA § 2333(d), and a number of key evidentiary questions. To the extent that the D.C. Circuit rules against *defendants* on any of these issues, such rulings will have preclusive effect in the action by the new plaintiffs. And if there is ultimately a remand in the original action, principles of efficiency and preservation of judicial and party resources clearly support litigating the claims of the new plaintiffs together with the remanded claims of the original plaintiffs. So, too, rulings in the appeal *against* the original plaintiffs could potentially, depending on circumstances, be relevant to the claims of the new plaintiffs.

*Third*, the PLO and PA have challenged the constitutionality of the ATCA in the pending *Klieman* appeal, and the D.C. Circuit has ordered the Department of Justice to present its position in respect to defendants' constitutional challenges. *See* Order 12/19/18 in *Klieman*, No. 15-7034. The Government has not yet filed its brief. *Id*. at Order 1/3/19. If the claims of the new plaintiffs were to proceed now, the defendants would raise before this Court the same constitutional challenges to the ATCA asserted in *Klieman*, which the D.C. Circuit appears poised to resolve. It would make no sense for this Court to entertain constitutional challenges to an Act of Congress that are currently being considered and will likely be resolved by D.C. Circuit, with the input of the Justice Department. For this reason, too, the claims of the new plaintiffs should be stayed.

Accordingly, the claims of the new plaintiffs, too, should await the disposition of the appeal in the original *Shatsky* action.

## CONCLUSION

This action should be stayed pending the conclusion of the appeal in *Shatsky, et al., v. Palestine Liberation Organization, et al.*, No. 17-7168 (D.C. Circuit).

Respectfully submitted,

THE BERKMAN LAW OFFICE, LLC
*Attorneys for the Plaintiffs*

by: /s/ Robert J. Tolchin

Robert J. Tolchin
(D.C. Bar # NY0088)
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
rtolchin@berkmanlaw.com

7

## **CERTIFICATION**

I hereby certify that on January 8, 2019, a copy of the above Motion and Memorandum, with the accompanying Proposed Order, was sent to the defendants, by first-class mail, postage prepaid, at the following addresses:

THE PALESTINE LIBERATION ORGANIZATION
Mukata'a Building
Ramallah, West Bank
via Israel

THE PALESTINIAN AUTHORITY
(a/k/a "The Palestinian Interim Self-Government
Authority" and/or "The Palestinian National Authority")
Mukata'a Building
Ramallah, West Bank
via Israel

                                                Robert J. Tolchin